UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VERNADINE MABRY, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER 10-801** |
| **FLUOR CORPORATION, ET AL.** | * | **SECTION "L" (5)** |

## ORDER & REASONS

Currently pending before this Court is Plaintiff Vernadine Mabry's Motion to Remand to State Court (Rec. Doc. 4). The Court recognizes that this matter is time sensitive as this case, prior to its' removal, had been scheduled for trial on Monday, March 8, 2010, in state court. Additionally, the Court, following oral argument, has already considered a similar motion on an expedited basis in *Jean Joseph, et al. v. Fluor Corporation, et al.*, Case No. 10-793. Therefore, Plaintiff's Motion to Expedite (Rec. Doc. 6) IS GRANTED.

## I. BACKGROUND

This case arises out of a fire that occurred in a FEMA trailer on August 25, 2006, in New Orleans, Louisiana. During the fire, Bernard Mabry, Jr. was injured. Mr. Mabry passed away 21 days after the fire. Subsequently, Mr. Mabry's widow, Vernadine Mabry, filed the instant lawsuit. Thereafter, that case was consolidated with two related cases for trial in state court, which was scheduled to proceed on March 8, 2010. Named as defendants in these consolidated lawsuits, through various amended pleadings, were Fleetwood Enterprises, Inc., Maytag Corp., Fluor Enterprises, Inc., and MMR Constructors, Inc. ("MMR"), Keith McLin, Gibraltar, Concert Company, Inc. d/b/a CCI Controls, Inc. ("CCI"), Great American Insurance Company ("GAIC"),

American International Specialty Lines Insurance Company ("AISLIC"), and Starr Excess Liability Insurance Company, Ltd. ("Starr").

AISLIC and Starr were added to this lawsuit via a Second Supplemental and Amending Petition on September 4, 2009. Additionally, the Court notes that MMR and Keith McLin were the only local defendants named in these cases. According to AISLIC and Starr, all defendants, including the local defendants, have now settled. AISLIC and Starr further assert that they were first notified of the settlement between Vernadine Mabry and the local defendants on March 1, 2010, via email. Starr and AISLIC removed this cases on Friday, March 5, 2010, the last working day before trial. The case was reassigned to this section in mid-afternoon on the same date. Immediately thereafter, Plaintiff filed the instant Motion to Remand to State Court (Rec. Doc. 5).

## II.     LAW & ANALYSIS

A motion to remand must be granted "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Generally, the burden of proving that a federal court has subject matter jurisdiction falls upon the removing party. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2009). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). Starr and AISLIC, the removing Defendants, assert that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, which provides that district courts have original jurisdiction over any case in which there exists complete diversity of citizenship and the amount in controversy exceeds $75,000. AISLIC and Starr argue that because the Plaintiff in

this case has settled her claims against the local defendants, diversity of citizenship now exists and removal was appropriate.

This Court finds that doubts remain about the basis of its jurisdiction. Accordingly, the Court must remand this case to state court to be tried with *Jean Joseph, et al. v. Fluor Corporation, et al.*, Case No. 10-793. While there has been an indication that Plaintiff has settled her claims against the local defendants, it is apparent that these parties are not entirely out of the case. Certain cross claims remain involving these defendants which will keep them in the case and prevent the Court from exercising diversity jurisdiction over the matter.

Furthermore, if this Court were to accept jurisdiction over this case, it would be a tremendous drain of judicial resources. The parties have been getting ready to try this case for several months in state court. Numerous witnesses have been subpoenaed to testify and all parties indicate that they are prepared to proceed on Monday, March 8, 2010. Furthermore, the nature of the claims brought by Ms. Mabry are factually and legally related to those claims asserted in *Jean Joseph, et al. v. Fluor Corporation, et al.*, Case No. 10-793. Trying these two cases separately in different forums would be inefficient and wasteful. Moreover, the Court has serious doubts about its jurisdiction over this matter. Therefore, in accordance with the Fifth Circuit's direction resolve doubts about jurisdiction in favor of remand, IT IS ORDERED that Plaintiff's Motion to Remand (Rec. Doc. 5) IS GRANTED.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand (Rec. Doc. 5) IS GRANTED. IT IS FURTHER ORDERED that the above captioned matter be REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 5th day of March, 2010.

_____
U.S. DISTRICT JUDGE